**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

JESUS BEJINES-GONZALEZ,           )
ABRAHAAM SAYAGO-HERNANDEZ         )
And all others similarly situated, )
                                   )
          Plaintiffs,              )
                                   )          **CIVIL ACTION FILE**
v.                                 )
                                   )          **NO.: 7:19-cv-00055-HL**
SOUTHERN VALLEY FRUIT &            )
VEGETABLE, INC.; HAMILTON          )
GROWERS, INC.; KENT HAMILTON;      )
HAMILTON FARMS MEX, L.P.;          )
HAMILTON PRODUCE, L.P.;            )
KENDA PROPERTIES, L.P.; WK         )
HOLDINGS, LLC; WK MEX              )
PROPERTIES, L.P.; and WKW, LLC,    )
                                   )
          Defendants.              )

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW, Defendants in the above styled-action, by and through their counsel, and

file this, their Answer to Plaintiffs' Amended Complaint [Doc. 12], as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the Plaintiffs have not incurred damages.

### THIRD DEFENSE

Some or all of the Plaintiffs have been fully compensated for all hours worked in

compliance with the FLSA and H-2A visa program.

### FOURTH DEFENSE

Any violation by Defendants was neither knowing nor willful.

### FIFTH DEFENSE

Some or all of the Plaintiffs have been fully compensated for the hours worked and fully reimbursed for reimbursable expenses in accordance with all applicable laws.

### SIXTH DEFENSE

To the extent that Plaintiffs seek any liability prior to two (2) years before the filing of this Complaint or any opt-in consent, as modified by a tolling agreement, whichever is later, the statute of limitations has run and bars such claims.

### SEVENTH DEFENSE

Defendants acts or omissions were taken in good faith and with reasonable grounds to believe that such acts or omissions were in compliance with the FLSA.

### EIGHTH DEFENSE

Plaintiffs do not have privity in contract with any Defendant except Hamilton Growers, Inc.

### NINTH DEFENSE

Any expenditures incurred in Mexico prior to the Plaintiffs' first workweek with Defendant Hamilton Growers, Inc. are exempt from the provisions of the FLSA pursuant to 29 U.S.C. § 213(f).

### TENTH DEFENSE

Defendants Southern Valley Fruit & Vegetable, Inc., Kent Hamilton, Hamilton Farms Mex, L.P. Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; WK Mex Properties, L.P.; and WKW, LLC were not Plaintiffs or opt-in Plaintiffs employer, and are not proper Defendants.

**ELEVENTH DEFENSE**

Some or all of the Plaintiffs were exempt from overtime pursuant to the FLSA's agricultural exemption.

**TWELFTH DEFENSE**

Some of Plaintiffs' claims are barred because they are not employees under the Fair Labor Standards Act.

**THIRTEENTH DEFENSE**

Plaintiffs', and any alleged similarly situated employees' claims, are barred to the extent they exceed the two-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), which may be impacted by a tolling agreement.

**FOURTEENTH DEFENSE**

Plaintiffs', and any alleged similarly situated employees' claims, are barred to the extent they exceed the three-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), which may be impacted by a tolling agreement.

**FIFTEENTH DEFENSE**

Plaintiffs and any alleged similarly situated employees cannot satisfy the requirements to maintain a collective action under the FLSA, 29 U.S.C. § 216(b).

**SIXTEENTH DEFENSE**

Plaintiff and any alleged similarly situated employees cannot satisfy the requirements to maintain a class action under Fed. R. Civ. P. 23.

**SEVENTEENTH DEFENSE**

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to a trial by jury and to substantive

and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

## EIGHTEENTH DEFENSE

The adjudication of the claims of the putative class through generalized class-wide proof violated Defendant's rights to a trial by jury guaranteed by the United States Constitution.

## NINETEENTH DEFENSE

The circumstances constituting any alleged fraud or mistake are not stated with particularity in Plaintiff's Complaint.

## TWENTIETH DEFENSE

Plaintiffs lack standing to assert the fraud claims alleged in Amended Complaint.

## TWENTY-FIRST DEFENSE

The Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-SECOND DEFENSE

For answer to the respective paragraphs of the Amended Complaint, Defendants show as follows:

1.      Defendants admit that Hamilton Growers, Inc. employed some or all of Plaintiffs, and that Plaintiffs attempt to file this action on behalf of themselves and others that they contend are similarly situated under the FLSA and other laws, and deny the remaining allegations pled in paragraph 1 of Plaintiffs' Amended Complaint.

2.      Denied.

3.      Denied.

4.      Defendants admit that Plaintiffs seek to recover damages, and deny the remaining allegations pled in paragraph 4 of the Amended Complaint.

### Jurisdiction and Venue

5.      Defendants admit that this Court has jurisdiction over this type of action pursuant to Federal law, but deny that Plaintiffs' claims have merit, that they are entitled to any relief whatsoever under State or Federal law, and deny all remaining allegations pled in paragraph 5 of the Amended Complaint.

6.      Denied.

7.      Defendants admit that venue is proper in the Middle District of Georgia, deny that Plaintiffs' claims have merit, or that they are entitled to any relief whatsoever under State or Federal law, and deny all remaining allegations pled in paragraph 7 of the Amended Complaint.

### Parties

8.      Defendants admit that Plaintiff Bejines-Gonzalez worked for Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 8 of the Amended Complaint.

9.      Defendants admit that Plaintiff Sayago-Hernandez worked for Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 9 of the Amended Complaint.

10.     Defendants admit that Plaintiff Osorio-Jimenez worked for Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 10 of the Amended Complaint.

11.     Defendants admit that Plaintiff Osorio-Jimenez worked for Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 11 of the Amended Complaint.

12.     Denied.

13.     Denied.

14.     Defendants admit that Plaintiffs Sayago-Hernandez, Osorio-Jimenez and Osorio Jimenez were H-2A employees, deny that they are similarly situated, and deny the remaining allegations pled in paragraph 14 of the Amended Complaint.

15.     Denied.

16.     Defendants show that the referenced documents speak for themselves, deny that Plaintiffs properly have opted-in to this action, deny that Plaintiffs are similarly situated, and deny the remaining allegations pled in paragraph 16 of the Complaint.

17.     Defendants show that their corporate status and/or legal status speaks for itself, as shown on Georgia's Secretary of State website, and deny the remaining allegations pled in paragraph 17 of the Amended Complaint.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Defendants admit that service was waived, and therefore proper, in this matter, and deny the remaining allegations pled in paragraph 23 of the Amended Complaint.

24.     Defendants admit that service was waived, and therefore proper, in this matter, and deny the remaining allegations pled in paragraph 24 of the Amended Complaint.

25.     Defendants admit that service was waived, and therefore proper, in this matter, and deny the remaining allegations pled in paragraph 25 of the Amended Complaint.

26.     Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Defendants admit that Hamilton Growers, Inc., employed Plaintiffs, deny that they are or were similarly situated, and deny the remaining allegations pled in paragraph 61 of the Amended Complaint.

62.     Denied.

63.     Denied.

64.     Denied.

## H-2A Program

65.     Paragraph 65 of Plaintiffs' Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 65 summarizes key aspects of the H-2A visa program. It is

denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

66.     Paragraph 66 of Plaintiffs' Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 66 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

67.     Paragraph 67 of Plaintiffs' Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 67 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

68.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 68 of the Amended Complaint.

69.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 69 of the Amended Complaint.

70.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 70 of the Amended Complaint.

71.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 71 of the Amended Complaint.

72. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 72 of the Amended Complaint.

73. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 73 of the Amended Complaint.

74. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 74 of the Amended Complaint.

75. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 75 of the Amended Complaint.

76. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 76 of the Amended Complaint.

## Allegations of Fact

77. Defendants admit that Hamilton Growers, Inc. employed H-2A workers under job order contracts to plant, harvest and pack produce, and deny the remaining allegations pled in paragraph 77 of the Amended Complaint.

78. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 78 of the Amended Complaint.

79.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 79 of the Amended Complaint.

80.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 80 of the Amended Complaint.

81.     Denied.

82.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 82, including subparts (a) through (e), of the Amended Complaint.

83.     Denied.

84.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 84, including subparts (a) through (d), of the Amended Complaint.

85.     Denied.

86.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 86, including subparts (a) through (c), of the Amended Complaint.

87.     Denied.

88.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 88, including subparts (a) through (c), of the Amended Complaint.

89. Denied.

90. Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 90, including subparts (a) through (c), of the Amended Complaint.

91. Denied.

## Recruitment, Hiring, and Expenses of Plaintiff Workers

92. Denied.

93. Denied.

94. Denied.

95. Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 95 of the Amended Complaint.

96. Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 96 of the Amended Complaint.

97. Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 97 of the Amended Complaint.

98.     Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 98 of the Amended Complaint.

99.     Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 99 of the Amended Complaint.

100.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 100 of the Amended Complaint.

101.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 101 of the Amended Complaint.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

## Allegations Regarding Packing Shed Work

108.    Denied.

109.    Defendants show that some of the Plaintiffs may have completed work in the packing shed, and deny the remaining allegations pled in paragraph 109 of the Amended Complaint.

110.    Defendants show that some of the Plaintiffs may have completed work in the packing shed, including working, at times, more than forty hours in a work week, and deny the remaining allegations pled in paragraph 110 of the Amended Complaint.

111.    Defendants deny that Plaintiffs and others were entitled to overtime pay at 1 ½ times their regular rate, and as such, deny the allegations pled in paragraph 111 of the Amended Complaint.

112.    Denied.

113.    Defendants show that they have complied with the FLSA, and as such, deny the allegations pled in paragraph 113 of the Amended Complaint.

114.    Denied.

## Collective Action Allegations

115.    Defendants admit that Plaintiffs attempt to bring this matter on behalf of themselves and others similarly situated, deny that the Plaintiffs are similarly situated or entitled to pursue a collective action, and deny the remaining allegations pled in paragraph 115 of the Amended Complaint.

116.    Denied.

117. Defendants deny that Plaintiffs' can satisfy the requirements to pursue a collective action, and as such, deny the allegations pled in paragraph 117 of the Amended Complaint.

**Rule 23 Class Allegations**

118. Defendants admit that Plaintiffs allege and attempt to bring claims under Rule 23(b)(3), deny that Plaintiffs are entitled to bring such claims or that they can meet the standard for class certification, and deny the remaining allegations pled in paragraph 118 of the Amended Complaint.

119. Defendants admit that Plaintiffs seek to certify a class as pled, and deny the remaining allegations in paragraph 119 of the Amended Complaint.

120. Defendants admit that Plaintiffs seek to certify a class as pled, and deny the remaining allegations in paragraph 120 of the Amended Complaint.

121. Defendants admit that Plaintiffs seek to certify a class as pled, and deny the remaining allegations in paragraph 121 of the Amended Complaint.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

**COUNT I – FLSA MINIMUM WAGE**

126. Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 125 above.

127. Defendants admit that this Count alleges a violation of the FLSA's minimum wage provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 127 of the Amended Complaint.

128. Defendants admit that this Count alleges a violation of the FLSA's minimum wage provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 128 of the Amended Complaint.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

## COUNT II – FLSA OVERTIME

134. Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 133 above.

135. Defendants admit that this Count alleges a violation of the FLSA's overtime provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 135 of the Amended Complaint.

136. Defendants admit that this Count alleges a violation of the FLSA's minimum wage provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 136 of the Amended Complaint.

137. Denied.

138. Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

## COUNT III – BREACH OF CONTRACT

145.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 144 above.

146.    Defendants admit that this Count alleges a breach of contract related to rate of pay, transportation, and other provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 146 of the Amended Complaint.

147.    Defendants deny that Plaintiffs are entitled to bring this claim on behalf of themselves and others, and as such, deny the allegations in paragraph 147 of the Amended Complaint.

148.    Defendants admit that Plaintiffs attempt to bring the claims as pled, and deny the allegations pled in paragraph 148 of the Amended Complaint.

149.    Defendants show that the job orders speak for the themselves, and therefore, deny the allegations pled in paragraph 149 of the Amended Complaint.

150.    Defendants admit that Plaintiffs worked for Defendant Hamilton Growers, and deny the remaining allegations pled in paragraph 150 of the Amended Complaint.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

## COUNT IV – AGRICULTURAL WORKER PROTECTION ACT

157.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 156 above.

158.    Defendants admit that Plaintiffs attempt to bring the claims as pled, and deny the allegations pled in paragraph 158 of the Amended Complaint.

159.    Defendants admit that Plaintiffs attempt to bring the claims as pled, and deny the allegations pled in paragraph 159 of the Amended Complaint.

160.    Defendants admit that Plaintiff Bejines-Gonzalez performed work for Defendant Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 160 of the Amended Complaint.

161.    Defendants admit that Plaintiff Bejines-Gonzalez performed work for Defendant Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 161 of the Amended Complaint.

162.    Defendants admit that Plaintiff Bejines-Gonzalez performed work for Defendant Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 162 of the Amended Complaint.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

## **COUNT V – FRAUD**

174.    Defendants admit that Plaintiff seeks to bring a fraud claim as alleged in paragraph 174 of the Amended Complaint, deny that the claim has merit, and deny the remaining allegations pled in paragraph 174 of the Amended Complaint.

175.    Defendants show that the petitions, job orders and contracts referenced in the Complaint speak for themselves and do not require a response, and as such, deny the allegations pled in paragraph 175 of the Amended Complaint.

176.    Defendants show that the petitions, job orders and contracts referenced in the Complaint speak for themselves and do not require a response, and as such, deny the allegations pled in paragraph 176 of the Amended Complaint.

177.    Defendants show that the petitions, job orders and contracts referenced in the Complaint speak for themselves and do not require a response, and as such, deny the allegations pled in paragraph 177 of the Amended Complaint.

178.    Denied.

179.    Defendants show that the petitions, job orders and contracts referenced in the Complaint speak for themselves and do not require a response, and as such, deny the allegations pled in paragraph 179 of the Amended Complaint.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

### COUNT VI – FLSA RETALIATION

187.    Defendants admit that Plaintiffs' attempt to allege a retaliation claim on behalf of both Osorio-Jimenez Plaintiffs, deny that such claims have merit, and deny the remaining allegations pled in paragraph 187 of the Amended Complaint.

188.    Defendants admit that Plaintiffs' attempt to allege a retaliation claim on behalf of both Osorio-Jimenez Plaintiffs, deny that such claims have merit, and deny the remaining allegations pled in paragraph 188 of the Amended Complaint.

189. Defendants admit that Plaintiffs' attempt to allege a retaliation claim on behalf of both Osorio-Jimenez Plaintiffs, deny that Plaintiff Osorio-Jimenez is entitled to join this suit and claim by filing a consent to join, deny that such claims have merit, and deny the remaining allegations pled in paragraph 189 of the Amended Complaint.

190. Defendants admit that Plaintiffs' attempt to allege a retaliation claim on behalf of both Osorio-Jimenez Plaintiffs, deny that Plaintiff Osorio-Jimenez is entitled to join this suit and clay by filing a consent to join, deny that such claims have merit, and deny the remaining allegations pled in paragraph 190 of the Amended Complaint.

191. Defendant admits that Plaintiff Osorio-Jimenez was employed by Hamilton Growers, Inc., and denies the remaining allegations pled in paragraph 191 of the Amended Complaint.

192. Defendants admit that Plaintiff Osorio-Jimenez is not currently employed with Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 192 of the Amended Complaint.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

**PRAYER FOR RELIEF**

201.    Defendants deny that Plaintiffs are entitled to any relief, including the relief identified in the Prayer for Relief section of Plaintiffs' Amended Complaint, and subsections (a) through (g) thereof.

202.    Any allegations not otherwise answered or responded to herein are hereby denied, as though set forth fully and denied.

Respectfully submitted this 27th day of April, 2020.

*s/Terri R. Stewart*

Terri R. Stewart
Georgia Bar No. 244624
Martin B. Heller
Georgia Bar No. 360538
**FISHER & PHILLIPS LLP**
1075 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30909
Telephone: (404) -231-1400
Facsimile:  (404) 240-4249
tstewart@fisherphillips.com
mheller@fisherphillips.com

Attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically submitted the foregoing **ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** to the clerk of court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Dawson Morton, Esq.
Dawson Morton, LLC
1003 Freedom Blvd.
Watsonville, CA 95076

Patricia Kakalec, Esq.
Kakalec Law PLLC
11 Broadway, Suite 615
New York, New York 10004

This 27th day of April, 2020.

*s/Terri R. Stewart*
Terri R. Stewart
Georgia Bar No. 244624