tIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESUS BEJINES-GONZALEZ, ABRAHAAM SAYAGO-HERNANDEZ, MARGARITO OSORIO-JIMENEZ, and LOIDA OSORIO-JIMENEZ and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT & VEGETABLE, INC.; HAMILTON GROWERS, INC.; KENT HAMILTON; HAMILTON FARMS MEX, L.P.; HAMILTON PRODUCE, L.P.; KENDA PROPERTIES, L.P.; WK HOLDINGS, LLC; WK MEX PROPERTIES, L.P.; and WKW, LLC,<br><br>    Defendants. | CIVIL ACT. NO.: 7:19-cv-55-HL |

**MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED[1] MOTION FOR FINAL APPROVAL OF
CLASS AND FLSA COLLECTIVE SETTLEMENT AND
FINAL CERTIFICATION OF THE SETTLEMENT CLASS**

Preliminary Statement

In its July 12, 2021 Order (Doc. #31), this Court preliminarily approved the settlement and proposed notice to class members in the above-referenced case, a class action brought by agricultural workers claiming unpaid overtime wages and other damages. Subsequently, Defendants produced a class list and data for calculation of the damage distribution. The final class

---

[1] Defendants do not oppose this motion for the purposes of resolution, and reserve the right to object to statements made herein in the event that this Motion is not approved, as well as outside of this litigation.

list includes class members who were noticed by mail, through a website, and with limited electronic messaging for class members with available addresses, as described in the attached affidavit of Chris Longley from Atticus Administration, LLC. Plaintiffs now move for final approval of the Fed. R. Civ. P. 23 class settlement and the Fair Labor Standards Act ("FLSA") settlement, and for final certification of the settlement class. Because the settlement here is fair, reasonable, and adequate, resulted from arm's-length negotiations between experienced attorneys with the involvement of a well-respected mediator, and has not been objected to or opted out of by any class member, and because the settlement class meets the requirements of Rule 23 and the FLSA resolution is fair and reasonable, Plaintiffs' motion should be granted.

Background

As addressed more fully in Plaintiffs' Motion for Conditional Class Certification (and other relief) (Doc. # 29), Plaintiffs Jesus Bejines-Gonzalez and Abrahaam Sayago-Hernandez are farm laborers who worked for Defendants Southern Valley Fruit & Vegetable, Inc.; Hamilton Growers, Inc.; Kent Hamilton; Hamilton Farms Mex, L.P.; Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; WK Mex Properties, L.P.; and WKW, LLC ("Defendants") in Georgia between 2013 and 2018 or 2017, respectively. In April 2019, Mr. Bejines-Gonzalez and Mr. Sayago-Hernandez filed the instant lawsuit alleging that, among other things, they and other similarly-situated employees had not been paid overtime or properly reimbursed for travel expenses when they worked for Defendants. Plaintiffs brought claims under the FLSA and the Migrant and Agricultural Worker Protection Act ("AWPA"), as well as common law claims for breach of contract and fraud.

Not long after the Complaint was filed, Plaintiffs and Defendants began engaging in settlement talks to see if it would be possible to settle the claims raised in Plaintiffs' Complaint and

First Amended Complaint (which included two new named Plaintiffs asserting retaliation claims and seven opt-in Plaintiffs who filed consents to sue under the FLSA). In March 2020, the Parties held a day-long in-person mediation in Atlanta with an experienced wage and hour mediator, Hunter Hughes; the Parties later reached agreement from a combination of the mediator's assistance and continued discussion among counsel.

After the Parties reduced their agreement to writing (*see* October 14, 2021 Decl. of Patricia Kakalec, Ex. A (hereinafter "Agreement") (also at Doc. #29-2)), Plaintiffs filed an unopposed motion asking the Court to conditionally certify the Rule 23 class, appoint class counsel, preliminary approve the Parties' settlement under the FLSA, approve the parties' notice plan, and schedule a final fairness hearing in the case. (Doc. # 29.) That motion was granted, and the Court's order stated that:

> preliminary approval of the Settlement, and preliminarily find[ing] the terms of the Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; non-monetary relief regarding rehire of the Retaliation Plaintiffs; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; and the maximum amounts allocated as additional compensation, costs and attorney's fees.

Doc. 31 at 2.

A final fairness hearing is scheduled for November 3, 2021, and Plaintiffs now seek – with no opposition from Defendants and no objections from class members to date[2] – final approval of the class and FLSA settlement, and final certification of the settlement class. Plaintiffs' unopposed

---

[2] The deadline for exclusions and objections is October 14, 2021, the same day this brief is filed. If any opt-outs or objections were sent by October 14, 2021 but are received after this brief is filed, Plaintiffs will file a supplemental submission with the Court.

motion for attorneys' fees (filed June 13, 2021, Doc. #30) also remains pending before the Court.

Settlement Terms

As described in Plaintiffs' prior submissions, the Settlement Agreement in this case provides, in substance, as follows:

(1) Defendants shall pay a total gross settlement amount of $880,000 (the "Fund") in settlement of all claims. (*see* Agreement ¶ 3.1.)

(2) Plaintiffs' Counsel have requested an award of $237,600 in fees, or 27% of the Fund, as an all-inclusive award of attorneys' fees, and have requested an award of costs in the amount of seven thousand five hundred and ninety-two dollars and twenty-five cents ($7,592,25) for out-of-pocket costs and expenses. (Agreement ¶ 3.4.) These amounts shall be paid from the Fund.

(3) The Settlement Administrator Atticus Administration, LLC shall establish and administer an account to hold and distribute the Fund, and shall be paid from the Fund $25,000 for its services in providing notice, payments and administering the Fund. (Kakalec Decl, Ex. B (Oct. 14, 2014 Aff. of Christopher Longley ("Longley Aff.") at ¶ 17); *see also* Agreement ¶¶ 2.14, 3.6.)

(4) The Settlement Administrator shall pay Jesus Bejines-Gonzalez and Abrahaam Sayago- ten thousand dollars ($10,000) each as additional compensation for their FLSA claims in addition to their payments as Settlement Class members. The Settlement Administrator shall pay Plaintiffs Loida Osorio-Jimenez and Margarito Osorio-Jimenez $10,000 and $7,000 respectively as compensation for their FLSA retaliation claims. The Settlement Administrator shall also pay each opt-in Plaintiff requests $1,500 in additional compensation for their FLSA claims. (Agreement ¶¶ 3.7 – 3.9) These amounts shall be

4

paid from the Fund.

(5) Plaintiffs Loida Osorio-Jimenez and Margarito Osorio-Jimenez are to be offered employment under the terms of an H-2A job order of at least eight months duration during the 2021 calendar year or 2022 calendar year. (Agreement ¶ 3.10.)

(6) Jesus Bejines-Gonzalez, Abraham Sayago-Hernandez, Loida Osorio-Jimenez, Margarito Osorio-Jimenez and all FLSA Opt-in Plaintiffs will release Defendants, as defined in Paragraph 8.2 of the Agreement, from all wage claims and employment claims (including retaliation claims) through January 22, 2021 which arise from their employment with Defendants, with the exception that bodily injury torts, worker's compensation, and industrial injury claims will not be released. (Agreement ¶ 8.2.)

(7) Class members will release Defendants, as defined in Paragraph 8.1 of the Agreement, from all causes of action, claims, losses, damages, and wages that were asserted in this action or which arise out of the factual allegations in the operative Complaint, but not such claims that may not be waived under applicable state and federal including but not limited to claims arising from an industrial injury. (Agreement ¶ 8.1.)

Argument

I. Final Approval is Appropriate Here.

In the Eleventh Circuit and nationwide, there is a "policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1354 (11th Cir. 1982). "Particularly in class action suits, there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977); *see also Murchison v. Grand Cypress Hotel Corp.,* 13 F.3d 1483, 1486 (11th Cir. 1994); *Lunsford v. Woodforest Nat'l Bank*, 2014 U.S. Dist. LEXIS 200716, at *14 (N.D. Ga. May 19, 2014) (noting that class settlements minimize the litigation expenses of the

5

parties and reduce the strain that litigation imposes upon already scarce judicial resources). The Court's analysis here should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984). And review is considered in the light that settlements are "highly favored in the law and will be upheld whenever possible because they are means of amicably resolving doubts and preventing lawsuits." *Miller v. Rep. Nat'l. Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). In evaluating a proposed class settlement, "absent fraud, collusion or the like, the Court should be hesitant to substitute its own judgment for that of experienced counsel representing the class." *In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 297, 315 (N.D. Ga. 1993) (citation omitted).

A court may only approve a class action settlement after "conduct[ing] a hearing and find[ing] that it is fair, reasonable, and adequate." *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1217 (11th Cir. 2012). The ultimate determination whether a proposed class action settlement warrants approval resides in the Court's discretion. *See, e.g., In re Motorsports Merchandise Antitrust Litig.,* 112 F. Supp. 2d 1329, 1333 (N.D. Ga. 2000). "The lack of opposition to the Settlement clearly supports final approval." *George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1373 (N.D. Ga. 2019). If there are no opt-outs or objections to the settlement at all, this "weighs heavily in favor of settlement approval." *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 U.S. Dist. LEXIS 196031, at *11-12 (N.D. Ga. Oct. 26, 2012) (noting fact that not one objection was lodged after direct mail notice of settlement). *See also McWhorter v. Ocwen Loan Servicing,* 2019 U.S. Dist. LEXIS 232149, at *34 (N.D. Ala. Aug. 1, 2019) ("[L]ow opt-out and objection rates weigh in favor of granting final approval to the settlement."); *Torres v. Bank of Am.*, 830 F. Supp. 2d 1330, 1336 (S.D. Fla. 2011) (finally approving settlement in part because of the

"extraordinarily low percentage of objections [which] points to the reasonableness of a proposed settlement and supports its approval.") (citations omitted).

The factors for approval are set forth in Fed. R. Civ. P. 23(e)(2). Final approval is warranted where:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).[3]

In the Eleventh Circuit, courts evaluate six factors in determining whether to approve a class action settlement: (1) the existence of fraud or collusion among the parties in reaching the settlement; (2) the complexity, expense, and duration of the litigation; (3) the stage of proceedings at which the settlement was achieved and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, the class representatives, and the substance and amount of opposition to the settlement. *See Leverso v. S. Trust Bank of Ala., N.A.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Bennett v. Bering Corp.* 737 F.2d. 982, 986 (11th Cir. 1994). Amendments to Rule 23 have "add[ed] a mandatory but non-exhaustive set of similar final approval criteria[.]" *McWhorter v. Ocwen Loan Servicing*, 2019 U.S. Dist. LEXIS 232149, at *22 (N.D. Ala. Aug. 1, 2019). These factors are adequate representation, arm's length negotiation, adequate relief, and equitable treatment among

---

[3] Federal Rule 23(e) was amended effective December 1, 2018. The amendments are consistent with the Eleventh Circuit caselaw prior to amendment so caselaw from prior to December 1, 2018 is still relevant to the analysis here.

class members. Fed. R. Civ. P. 23(e)(2)(B).

"In considering these factors, a court must not yield to the temptation to try the case on the merits." *Carr v. Ocwen Loan Servicing*, 2014 U.S. Dist. LEXIS 202087, at *13 (N.D. Ga. Apr. 25, 2014). And, "[i]n balancing these factors, the court [i]s entitled to rely upon the judgment of experienced counsel for the parties." *Canupp v. Liberty Behavioral Health Corp.*, 417 F. App'x 843, 845 (11th Cir. 2011).

II.   This Settlement Meets the Standards for Rule 23 Approval.

As discussed at greater length in Plaintiffs' papers in support of preliminary approval, the settlement here is fair, reasonable, and adequate, and meets the requirements for final approval under Rule 23. The Class representatives and class counsel have adequately represented the class, the settlement was negotiated at arm's length, and the relief is adequate, especially considering that the costs, risks, and delay of trial and appeal which were likely to be significant. The Agreement treats class members equitably relative to each other, as class funds are distributed based on job titles, time periods, and length of employment. (*See* Prelim. Approval Mot. (Doc. #29) at 14-22.) In addition, the fees and costs sought by Plaintiffs' counsel are reasonable. (*See* Prelim. Approval Mot. at 18-19; *see also* Plaintiffs' Mot. for Fees and Costs (Doc. # 31.)

In its preliminary approval Order, the Court approved the class notice and appointed Atticus Administration as Settlement Administrator. (Doc. # 31 at ¶¶ 3, 5.) Since entry of the Court's Order, notice was carried out by Atticus. (Longley Aff., ¶¶ 4 – 12.) Notice was individually mailed to class members at their last known addresses (after processing through the USPS National Change of Address database) (*id.* ¶¶ 4 – 7); follow up efforts were made to reach class members whose notices were returned as undeliverable (*id.* ¶ 8); messages were sent via WhatsApp, a phone messaging application, where phone numbers were available (*id.* ¶ 9); and relevant information was

8

made available on a website and direct and WhatsApp phone numbers were provided to contact the Administrator or Class Counsel. (*Id.* ¶¶ 11, 12.) Notice was mailed in Spanish to the Spanish-speaking class members. (*Id.* ¶ 7.) This was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.

The Court's Preliminary Approval Order permitted class members to object or opt-out of the settlement by within 45 days of the mailing of the class notice, (Order at 3, ¶ 7), which mailing took place on August 30, 2021 (Longley Aff., ¶ 7 ), giving class members until October 14, 2021 to opt out or object. (*Id.*) To date no class member has objected to the settlement or opted out, showing strong support for the settlement from the class as a whole. *See, e.g., In re the Home Depot, Inc., Customer Data Sec. Breach Litig.*, 2016 WL 6902351, at *4 (N.D. Ga. Aug. 23, 2016) (noting that the number of objectors amounts to an "infinitesimal percentage" of the class, indicates "strong support for the settlement," and weighs strongly in favor of final approval."); *In re Overdraft Litig.*, 2013 WL 11320088, at *10 (S.D. Fla. Aug. 2, 2013) ("Furthermore, the Court also finds it telling that, of over 27,490 members of the Settlement Class, only two members of the Settlement Class have requested to be excluded from, and no Settlement Class Members have objected to, the Settlement."). Class counsel did receive a few messages and phone calls regarding the Settlement. (*See* Kakalec Decl., ¶ 5.) No class member expressed objection to the Settlement or a desire to opt out of the Settlement. (*Id.*)

Considering Rule 23(e)(2) and the relevant Eleventh Circuit standards, the Court should approve the settlement here. The Parties' settlement was reached through a negotiated adversarial resolution (*see* Pls. Mot. for Prelim. Approval at 17), which warrants a finding that it is not the product of fraud or collusion. *See Saccoccio v. JPMorgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014) ("Where the parties have negotiated at arm's length, the Court should find that the

settlement is not the product of collusion."); *see also* Fed. R. Civ. P. 23(e)(2)(B), Committee Notes to 2018 Amendment (finding that "the involvement of a neutral or court-affiliated mediator ... may bear on whether [the negotiations] . . . protect[ed] and further[ed] the class interests."). The results here were reached by experienced counsel, a mediator, and by Plaintiffs who acted in the best interest of their former colleagues. (*See* Pls.' Mot. for Prelim. Approval at 10, 16, 20.)

The litigation and the claims here are complex and have been the subject of adequate review by counsel. (*See id.* at 16.) Moreover, the litigation would likely have continued for years while the settlement provides "immediate and substantial benefits" to the Class. *See George*, 369 F. Supp. 3d at 1370. Where "continued litigation would have risked delaying the class's potential recovery for years," this factor weighs in favor of final approval. *See Carroll v. Macy's, Inc.*, 2020 U.S. Dist. LEXIS 99033, at *17 (N.D. Ala. June 5, 2020).

Moreover, the settlement here was achieved after analysis of Defendants' employment records and engagement of an expert by Plaintiffs (*see* Pls. Mot. for Prelim. Approval at 16), and therefore "class counsel had an adequate appreciation of the merits of the case before negotiating[.]" *Carr v. Ocwen Loan Servicing*, 2014 U.S. Dist. LEXIS 202087, at *30-31 (N.D. Ga. Apr. 25, 2014). The Court can be assured "that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). "Class Counsel's review of the payroll, class identification, and other documents produced positioned them to evaluate with confidence the strengths and weaknesses of Plaintiffs' claims, . . . and the prospects for success." *George*, 369 F. Supp. 3d at 1371.

Additionally, "[i]nformation obtained from other cases may be used to assist in evaluating the merits of a proposed settlement of a different case." *Lipuma ,*406 F. Supp. 2d at 1325. Here,

10

Plaintiffs' counsel Dawson Morton, and Defendants' counsel are both familiar with the claims and the payroll practices at issue, having previously litigated similar issues regarding these same Defendants. (*See* Pls. Mot. for Prelim. Approval at 10.)

The fact that "the legal and factual issues presented in [a] case [are] hotly contested," as they are here, also weighs in favor of final approval. *See Carroll*, 2020 U.S. Dist. LEXIS 99033, at *15. And the range of recovery here demonstrates that the settlement is fair and reasonable. "[T]he relevant inquiry is whether the proposed settlement affords relief that falls within th[e] range of reasonableness" *Petersen v. American*, 2019 U.S. Dist. LEXIS 234553, at *18 (M.D. Fla. Oct. 22, 2019) (citation omitted).

In addition, the settlement treats class members equitably by distributing proceeds among class members based on their amount and time periods of work. (*See* Pls. Mot. for Prelim. Approval at 19-20.) "And the required release is narrowly limited to claims arising from the specific facts giving rise in this action." *Petersen*, 2019 U.S. Dist. LEXIS 234553, at *21.

III.  <u>The FLSA Settlement Should be Finally Approved.</u>

The Parties' Settlement Agreement also resolves the FLSA claims of the two named Plaintiffs, the Opt-in Plaintiffs, and class members, and the FLSA retaliation claims of the two Plaintiffs, Loida Osorio-Jimenez and Margarito Osorio-Jimenez, who brought individual retaliation claims. As noted previously, under Eleventh Circuit law, a FLSA settlement is valid if it is a fair and reasonable resolution of a *bona fide* FLSA dispute. *See Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

For the reasons discussed in Plaintiffs' earlier motion (*see* Mot. Prelim. Approval at 13-14), and for the reasons that the Rule 23 class settlement is fair and reasonable, the Parties' FLSA

11

settlement is fair and reasonable. Here, Plaintiffs and the class members who worked for Defendants in 2016 and 2017 will receive approximately $100 per person per year for the unreimbursed travel expense claims, an amount roughly equal to the full recovery values of those claims (without liquidated damages). (Agreement ¶ 3.13.) For Plaintiffs' overtime claims, they are recovering approximately 25% of the full value of the claims as calculated by Plaintiffs' counsel, although Defendants dispute this claim, and Plaintiffs' counsel recognizes some potential defenses on this issue. Additionally, the recovery provides for a full six years of claims under contract law, significantly expanding the maximum of two or three years which would have been available under solely a FLSA claim. Significant differences existed regarding the merits and amounts owed for Plaintiffs' overtime claims, and Plaintiffs believe the settlement amount adequately values the claims while addressing these litigation challenges.

The additional payments to Plaintiffs and Opt-in Plaintiffs – $10,000 to each of the two Named Plaintiffs, $10,000 and $7,000 to the two Plaintiffs with retaliation claims, and $1,500 to each opt-in Plaintiff – should be approved. The Named Plaintiffs, Retaliation Plaintiffs, and Opt-in Plaintiffs are providing releases of greater breadth than class members; the additional payment provides compensation for those release terms. Additionally, these Plaintiffs preserved FLSA claims by filing consents to sue and the additional payment provides compensation for those claims. That separate consideration paid to Named Plaintiffs for a broader release of claims is not an "incentive payment," and does not run afoul of the Eleventh Circuit's recent ruling in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), which prohibited incentive awards to Rule 23 class representatives who were providing the same release terms as the absent class members. *See, e.g., Miller v. Creative Hairdressers*, 2020 U.S. Dist. LEXIS 248226, at *3 (M.D. Fla. Dec. 31, 2020) (holding additional payment to one plaintiff in multi-plaintiff FLSA action as compensation

12

for releasing additional employment-related claim is not an incentive award, and therefore "does not violate *Johnson*'s holding prohibiting incentive awards"). FLSA collective actions differ from Rule 23 class actions and the *Johnson* ruling is inapplicable where FLSA claims and opt-ins are at issue. *See Martinez v. Woodvalley Landscape*, 2021 U.S. Dist. LEXIS 30908, at *5 n.1 (N.D. Ga. Feb. 17, 2021) (approving additional payments where FLSA claims were at issue and noting "the Court finds *Johnson* distinguishable.").

IV.  The Proposed Settlement Class Should Be Finally Certified for Settlement Purposes Pursuant to Rules 23(A) and (B)(3).

In its earlier motion, Plaintiffs asked that the Court certify the Settlement Class under Rules 23(a) and (b)(3). That relief was granted, and the Court in its July 12th Order preliminarily certified "for settlement purposes the Settlement Class described in the Settlement, comprised of individuals who worked for Defendants under the terms of an H-2A visa in a packing facility position during the period of April 11, 2013 to December 31, 2018." (Order at 2-3.)

Plaintiffs now request that the Court, consistent with its preliminary finding, finally certify the Settlement Class for purposes of carrying out the settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class here meets the requirements of Rule 23(a) in a settlement context because: (1) the Class members are too numerous to be joined; (2) Class members share a common interest in seeking redress for the violations of the AWPA and the breach of contract and fraud claims; (3) the named Plaintiffs' claims are typical of the Settlement Class members' interest in their AWPA and common law claims; and (4) the named Plaintiffs are adequate Class representatives because they have no interests antagonistic to the Settlement Class's interests and they are represented by experienced counsel. Again, on this point we note that there were no objections in response to the class notice or opt-outs from the class.

Conclusion

For the reasons set forth above, the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Class. Plaintiffs therefore respectfully request that this Court enter an Order finally approving the class action settlement which:

(i) Finally certifies the settlement class;

(ii) Approves the Rule 23 settlement;

(iii) Order that payments proceed to class members as provided for by the Parties' Settlement Agreement.

(iv) Approves the FLSA settlement, including payment of the additional compensation to Named Plaintiffs Jesus Bejines-Gonzalez and Abrahaam Sayago-Hernandez, Retaliation Plaintiffs Loida Osorio-Jimenez and Margarito Osorio-Jimenez, and to all other FLSA Opt-in Plaintiffs who filed consents to sue;

(v) Awards Plaintiffs' attorneys' fees and costs;

(vi) Orders payment to the settlement administrator Atticus in the amount of $25,000; and

Dated: Berkeley, CA
October 14, 2021

        s/ D. Morton

Dawson Morton
Georgia Bar No. 525985
Dawson Morton, LLC
1003 Freedom Blvd.
Watsonville, CA 95076
T: 404-590-1295
E: dawson@dawsonmorton.com

Patricia Kakalec

Hugh Baran
*Pro Hac Admitted*
Kakalec Law PLLC
195 Montague Street, 14th Floor
Brooklyn, NY 11201
T: 212-705-8730
E: patricia@kakaleclaw.com
 hugh@kakaleclaw.com