IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JESUS BEJINES-GONZALEZ, ABRAHAAM SAYAGO-HERNANDEZ, MARGARITO OSORIO-JIMENEZ, LOIDA OSORIO-JIMENEZ, and all others similarly-situated, | : : : : : : | |
| Plaintiffs, | : : : | CIVIL ACT. NO.: 7:19-cv-55-HL |
| v. | : : | RULE 23 CLASS |
| SOUTHERN VALLEY FRUIT & VEGETABLE, INC.; HAMILTON GROWERS, INC.; KENT HAMILTON; HAMILTON FARMS MEX, L.P.; HAMILTON PRODUCE, L.P.; KENDA PROPERTIES, L.P.; WK HOLDINGS, LLC; WK MEX PROPERTIES, L.P.; and WKW, LLC, | : : : : : : : : : : : | |

SETTLEMENT AGREEMENT

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Jesus Bejines-Gonzalez, Abrahaam Sayago-Hernandez, Loida Osorio-Jimenez and Margarito Osorio-Jimenez, individually and with respect to claims brought by them on behalf of others similarly-situated (collectively "Plaintiffs"), and Southern Valley Fruit & Vegetable, Inc.; Hamilton Growers, Inc.; Kent Hamilton; Hamilton Farms Mex, L.P.; Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; WK Mex Properties, L.P.; and WKW, LLC

1

(collectively "Defendants").  As used here, "Defendants" refers to all defendants collectively,  and "Parties" refers to Plaintiffs and Defendants, collectively.

1.    **RECITALS**

This  Agreement  is  entered  into  based  upon  the  following  facts  and circumstances:

1.1    On April 11, 2019, Jesus Bejines-Gonzalez and Abrahaam Sayago-Hernandez ("Named Plaintiffs") filed a lawsuit in the U.S. District Court for the Middle District of Georgia, assigned case number 4:19-cv-55-HL, on behalf of themselves and on behalf of similarly-situated employees of Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") minimum wage and overtime provisions and the Migrant and Agricultural Worker Protection Act ("AWPA"), as well as alleged common law claims for breach of contract and fraud. In the Complaint, Plaintiffs alleged that Defendants were jointly and severally liable for the violations as joint employers and as an enterprise.

1.2    Plaintiffs subsequently filed their First Amended Complaint on June 12, 2019 which added Margarito Osorio-Jimenez and Loida Osorio-Jimenez as named Plaintiffs. In their First Amended Complaint, Plaintiffs included claims for retaliation under the Fair Labor Standards Act on behalf of opt-in Plaintiffs, Loida Osorio-Jimenez and Margarito Osorio-Jimenez.

1.3    The Parties have engaged in voluntary production of electronic time and payroll data contained in Defendants' farm software system, Famous. Plaintiffs and Defendants have analyzed those records  and performed additional informal investigation of the claims and assessed the strengths and  weaknesses of factual and legal bases for the claims and defenses thereto.

1.4    On March 11, 2020, the Parties engaged in arms-length negotiations during a mediation in Atlanta before experienced mediator, Hunter Hughes. During the day-long mediation, the Parties exchanged information to assist in determining

2

a realistic settlement range. The parties did not reach agreement the day of the mediation, but with the mediator's assistance, and continued discussion between counsel for the Parties, the Parties reached agreement on all claims raised in the operative Complaint.

    1.5    The Parties have agreed to resolve this matter on the terms set forth herein, subject to preliminary and final approval of the Agreement by the Court.

    1.6    The Parties agree that the filing of the Agreement is for settlement purposes only and if, for any reason, the settlement is not approved, the Agreement will be of no force or effect.  In such event, nothing in the Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Action; and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the Action as if the Agreement never existed.

2.    **DEFINITIONS**

    As used in the Agreement, the terms below are defined as follows:

    2.1    "Action" means the civil action pending in the United States District Court, Middle District of Georgia, Valdosta Division, titled *Jesus Bejines-Gonzalez, et al. v. Southern Valley Fruit & Vegetable, Inc. et al*, case number 4:19-cv-55-HL.

    2.2    "Class Counsel" or "Plaintiffs' Counsel" means the attorneys of record for Plaintiffs and aggrieved  employees as listed below:

> Dawson Morton
>
> Law Offices of Santos Gomez
>
> 1003 Freedom Boulevard
>
> Watsonville, CA 95076
>
> Phone: (831) 228-1560
>
> dawson@lawofficesofsantosgomez.com

Patricia Kakalec

Kakalec Law, PLLC

195 Montague Street, 14th Floor

Brooklyn, NY 11201

Phone: (212) 705-8730

Patricia@KakalecLaw.com

2.3    "Class Representative" or "Plaintiffs" means Jesus Bejines-Gonzalez and Abrahaam Sayago-Hernandez.

2.4    "Court" means the District Court for the Middle District of Georgia, Valdosta Division, in which this Action was commenced and is pending.

2.5    "Defendants" means the Southern Valley Fruit & Vegetable, Inc.; Hamilton Growers, Inc.; Kent Hamilton; Hamilton Farms Mex, L.P.; Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; WK Mex Properties, L.P.; and WKW, LLC.

2.6    "Gross Settlement Amount" means the amount of eight hundred eighty thousand dollars ($880,000.00) to be paid by Defendants pursuant to this Agreement. The following payments will be made from the Gross Settlement Amount: (1) the cost of settlement administration; (2) the amount of attorney's fees and litigation costs awarded to Class Counsel; (3) the amount of additional compensation provided to Plaintiffs and Opt-in Plaintiffs; and (4) settlement benefits to Settlement Class Members who do not exclude themselves from the Agreement, and (5) all other costs and expenses for resolution of this matter, except Defendants shall be responsible for their own attorneys' fees, costs and expenses, and the Gross Settlement Amount does not include payments for Defendants' share of the employer's side of payroll taxes in their pro rata payment amounts, on the portion of settlement benefits paid to class members allocated to wages and for which payroll taxes are applicable.

2.7    "Net Settlement Amount" is defined in Section 3.11 below.

2.8  "Notice Packet" means the "Notice of Proposed Class Action Settlement and Hearing" and the "Estimated Individual Settlement Allocation Form" further described in Section 5.2 below that will be sent out by the Settlement Administrator to the Settlement Class Members.

2.9  "Opt-In Plaintiffs" means Maricruz Sayago-Lara, Dora Ivett Salazar-Garcia, Karla Melinda Caballero-Hernandez, Anselmo Garcia-Hernandez, Augustina Escalona Del Carmen, Loida Osorio-Jimenez and Margarito Osorio-Jimenez.

2.10  "Parties" means the Plaintiffs, the Retaliation Plaintiffs, and Defendants.

2.11  "Release Period" means the period from April 11, 2013 through December 31, 2018.

2.12  "Retaliation Plaintiffs" means Loida Osorio-Jimenez and Margarito Osorio-Jimenez, who alleged claims of retaliation in violation of the FLSA.

2.13  "Settlement" or "Agreement" means this Settlement Agreement and Release of Claims.

2.14  "Settlement Administrator" means Atticus Administration, LLC. The Settlement Administrator will be responsible for the administration of the settlement fund, as defined in Section 3, and all related matters.  The Settlement Administrator's duties shall include, but may not be limited to: giving notice of the settlement to the Settlement Class Members; calculating and paying the amounts due to Settlement Class Members, Plaintiffs, and Class Counsel under the Agreement; providing settlement payments inclusive of IRS forms W-2s and 1099s if required by law; certification of completion of notice and payment processes to the Court; and establishing and administering a Qualified Settlement Fund ("QSF") account to hold and distribute the Fund, as described in Section 3 below. Interest accruing to that

account between the time of payment(s) required by Section 3 below and the time funds are distributed shall be added to the Net Settlement Fund.

2.15  "Settlement Class," "Settlement Class Members" or "Class Members" means all individuals employed by Hamilton Growers, Inc. pursuant to the Job Orders set forth in paragraphs 78 through 90 of the First Amended Complaint and under the terms of an H-2A visa in a packing facility position, for the period of employment from April 11, 2013 through December 31, 2018. The average number of Settlement Class Members is estimated to be one hundred (100) employees per work day per season. However, the Parties understand and agree that there may be fluctuation in the final number due to varying circumstances. Should the final average number of Settlement Class Members exceed one hundred and fifty (150) employees per work day per season in packing shed positions, the Parties shall meet and confer regarding the scope and inclusion of the additional Settlement Class Members and the potential need to increase the overall settlement fund.

2.16  "Packing Facility Position" is defined to include individuals employed to pack produce and (1) to load, unload, or stack produce in the packing facility, which is individuals that were employed under the code "Gen Labor", "pk sq", "REPACKING", "PACK EGG", "PACK CUKE" as well as (2) forklift drivers who moved shipped / packed produce. Packing shed work compensated at an hourly rate or a piece (production) rate is included within this definition.

3.    **TERMS OF SETTLEMENT**

3.1  **Settlement Fund.**  The claims of Plaintiffs, Opt-in Plaintiffs, Retaliation Plaintiffs, and Settlement Class Members are settled and in consideration, Defendants shall pay a total gross settlement amount of eight hundred and eighty thousand dollars ($880,000.00) (hereinafter "the Fund."). The Defendants shall pay the Fund to an account set up by the Settlement Administrator within thirty (30) days of Final Approval.

3.2    **Settlement Fund Account.** The Settlement Administrator shall establish and administer an account to hold and distribute the Fund. Interest accruing to that account between the time of payment and the time the funds are distributed shall be added to the Net Settlement Fund.

3.3    **Non-Reversionary Fund.** The Agreement is completely non-reversionary and the entire Fund, after deductions for attorneys' fees and litigation costs, administrative expenses, the additional compensation to the Plaintiffs, Retaliation Plaintiffs, and Opt-in Plaintiffs, and payroll tax payments on the payments to the Settlement Class Members (if any), shall be distributed pro rata to the Settlement Class Members, including Plaintiffs, who do not exclude themselves from the settlement. In the event that there are funds remaining from the Fund for uncashed checks or unclaimed payments, such funds shall be paid to [name of entity] as the designated *cy pres* beneficiary.

3.4    **Payment of Attorneys' Fees and Costs.** Plaintiffs' Counsel will request an award of up to two hundred thirty-seven thousand six hundred dollars ($237,600 or 27%) of the Fund as an all-inclusive award of attorneys' fees, and an award for a reasonable amount of out-of-pocket costs and expenses, such costs and expenses not to exceed twenty thousand dollars ($20,000).

3.5    Plaintiffs' Counsel will be issued a Form 1099 by the Settlement Administrator for their award of attorneys' fees, costs, and expenses. In the event the Court does not award the above amounts in full, the difference will be included in the Net Settlement Amount to be distributed to the Settlement Class Members. Plaintiffs' Counsel shall be paid for their actual costs and expenses, and attorney's fees approved by the court, at the same time that the Settlement Administrator issues payments to the Settlement Class Members.

3.6    **Payments to Settlement Administrator.** The Settlement Administrator shall pay from the Fund fifty percent (50%) of the payment due to itself for its actual

costs and expenses (estimated at no more than $25,000) no earlier than 7 days after it receives the Fund payment and the remaining fifty percent (50%) of the payment at the same time that the Settlement Administrator issues payments to the Settlement Class Members.

3.7    **Additional Compensation to Plaintiffs Jesus Bejines-Gonzalez and Abraham Sayago-Hernandez.** Plaintiffs will request the Court award up to ten thousand dollars ($10,000) each as additional compensation in addition to any payment they may otherwise receive as Settlement Class Members. The Settlement Administrator will issue the additional compensation to the Plaintiffs no earlier than 7 days after it receives the Fund payment.

3.8    **Retaliation Payments to Named Plaintiffs Loida Osorio-Jimenez and Margarito Osorio-Jimenez.** Plaintiffs Loida Osorio-Jimenez and Margarito Osorio-Jimenez ("Retaliation Plaintiffs") will receive $10,000 to Loida Osorio-Jimenez and $7,000 to Margarito Osorio-Jimenez as compensation for their FLSA retaliation claims in addition to any payments they may otherwise receive as a Settlement Class Members and as Opt-in Plaintiffs. The Settlement Administrator will issue the Retaliation Payment to the Retaliation Plaintiffs no earlier than 7 days after it receives the Fund payment. The Settlement Administrator will issue the Retaliation Plaintiffs a form W-2 for this back-wage Retaliation Payment.

3.9    **Additional Compensation to Opt-in Plaintiffs.** Defendants shall not oppose Plaintiffs' requests to the Court for an award of up to one thousand five hundred dollars ($1,500) to each Opt-in Plaintiff. This compensation is in addition to any payment that the Opt-in Plaintiffs may otherwise receive as Settlement Class Members. The Settlement Administrator will issue the additional compensation to the Opt-in Plaintiffs no earlier than 7 days after it receives the Fund payment.

3.10 **Rehire to Retaliation Plaintiffs**. In addition to the financial terms set forth above, the Parties agree and acknowledge that the Retaliation Plaintiffs, Loida Osorio-Jimenez and Margarito Osorio-Jimenez are to be offered employment under the terms of an H-2A job order during the 2021 calendar year. The employment offers, for each calendar year, must include at least eight months of employment during that calendar year under the terms of a then active H-2A job order. If the Retaliation Plaintiffs are not timely offered a position in the 2021 season because of the approval process in this action, the employment offers contemplated by this provision will extend to the 2022 season. Plaintiffs Loida Osorio-Jimenez and Margarito Osorio-Jimenez will be offered employment positions with pay equal to other H-2A workers and with positions identical to those in which Defendants previously employed them. Defendants will make best efforts to obtain approval for use of the H-2A visa program or any than existing substitute agricultural labor visa program in the 2021 calendar year, or 2022 if the 2021 offer is not timely made.

3.11 **Net Settlement Amount.** "Net Settlement Amount" shall be the Fund minus the following: (1) the award of attorneys' fees and costs to Class Counsel approved by the Court, as set forth in Sections 3.4; (2) the additional compensation to the Class Representatives, Retaliation Plaintiffs, and Opt-in Plaintiffs as set forth in Sections 3.7 through 3.9; (3) the payments to the Settlement Administrator (estimated at no more than $25,000) as set forth in Section 3.6; and (4) employee share of payroll tax payments on the payments to the Settlement Class Members (if any are required by state or federal law).

3.12 **Individual Settlement Allocation.** Each Settlement Class member who does not exclude himself or herself from the Agreement shall receive his or her pro-rata share of Net Settlement Amount. To determine each Settlement Class Member's Individual Settlement Allocation, the percentage of the Net Settlement

Amount attributed to the Settlement Class shall be allocated among and paid to the Settlement Class Members based on the following:

3.13    Each Settlement Class member employed in the packing shed under the terms of an H-2A visa and each Opt-in Plaintiff employed under the terms of an H-2A visa pursuant to any H-2A job order in 2016 and 2017 calendar years shall receive a distribution of $100 for each season so employed as additional travel reimbursement;

3.14    Each Settlement Class member employed in the packing shed after the expiration of the H-2A job order during the January – February time period for the calendar years 2014, 2015, 2016 and 2017 shall receive a settlement distribution of $175 in liquidated damages per season so employed;

3.15    The remaining settlement funds shall be distributed to each Settlement Class member based on the number of workweeks they performed work in a Packing Facility Position in Defendants' packing facility during the Class Period, as a proportion of all such workweeks of the Settlement Class Members during Class Period. No Settlement Class Member shall receive a Payment of less than fifty dollars ($50) as compensation for their pro-rata share based on the number of workweeks worked in a Packing Facility Position.

3.16    In the event, on the day after the last day for distribution of the Settlement Amount pursuant to paragraph 3.18, the total amount distributed to Class Members is less than the Net Settlement Amount, then the remaining money shall be divided proportionally amount those Class Members who received payments in proportion to their prior payment amount.   The Settlement Administrator shall distribute the remaining funds through a second distribution to Class Members which shall take place within 30 days of the last day for distribution of the Settlement Amount.  If an individual would be entitled to an amount under this paragraph which is less than $20 before deducting the cost of the transfer, the funds apportioned to

that individual shall instead go to the cy pres recipient identified in paragraph 3.19 below.

3.17    The taxes on settlement payments to Class Members shall be as follows: (1) the $100 travel reimbursement per season, the $175 per season AWPA amount, plus 50% of the Individual Settlement Allotment pursuant to 3.15 shall be treated as non-taxable payments of reimbursement, interest, and penalties for which each participating Settlement Class Member shall be issued a Form 1099 INT by the Settlement Administrator if such issuance is required by law; (b) 50% of the Individual Settlement Allotment pursuant to paragraph 3.15 shall be for wages but shall not be subject to payroll tax withholding (including the employee's portion of FICA, FUTA, SDI, and any other mandated taxes withholding) during the time period a Class Member held an H-2A visa, for which each Participating Settlement Class Member shall be issued a Form W-2 by the Settlement Administrator; (c) Any additional funds distributed to Class Members pursuant to Class Members at the end of the distribution period shall be considered as additional liquidated damages for which the Settlement Administrator shall issue a 1099 form if such form is required by law.  The distribution of funds to Settlement Class Members who do not exclude themselves form the settlement shall be paid as soon as practicable after the Defendants fully fund the settlement.

3.18    **Method of Payment to Settlement Class Members.** The Parties agree that the Settlement Class Members are foreign nationals who may not be physically present in the United States at the time of payments to the Settlement Class Members.  The parties acknowledge that payment by issuance and mailing of a check is not an adequate method for international payments. Accordingly, the Parties agree that the Settlement Administrator will use a reliable and secure method for ensuring that the payments are delivered to the Settlement Class Member who at the time of the payments are not residing in the United States. The Parties agree that the

Settlement Administrator may wire funds to the Settlement Class Members' specified bank account, or may also use Western Union, Sigue Money Transfer, payments into the Mexican Telegrafos system, or other methods requested by the Settlement Class Member that are equally reliable and secure.  Settlement Class Members who reside in the United States at the time the Settlement Administrator issues the payments may request to have the payments issued to them by check mailed to their address in the United States.  Settlement Class Members will have three hundred sixty (360) days from the date that the Defendants fully funds the settlement to receive their settlement payments.  All costs and expenses associated with delivery of payments, as contemplated by this paragraph, shall be made from the Gross Settlement Amount or from individual workers distributions, in the event of second or corrected payments.

     3.19  **Allocation of Unclaimed Funds.**  In the event that there are funds remaining from the Fund that are not claimed by Settlement Class Members at the conclusion of the 360 day period, such funds shall be first redistributed to class members on a pro rata basis as specified in paragraph 3.16.   If there are still remaining funds or if the total amount is not sufficient to provide for the cost of redistribution, the remaining amount shall be paid to [name of entity] as the designated *cy pres* beneficiary within thirty (30) days of the last day for the Settlement Administrator to issue payments to the Settlement Class Members.


4.     **<u>DUTIES OF SETTLEMENT ADMINISTRATOR</u>**

     4.1    The Settlement Administrator shall establish and maintain a Settlement Fund Account as specified in Section 3.2 above and shall disburse funds from that Account as specified in this Section.

     4.2    The Settlement Administrator shall mail the Notice Packet to Settlement Class Members as specified in Section 5 below and shall make

appropriate and cost-efficient efforts to assure delivery of such Notice Packet to all Settlement Class Members.

4.3    The Settlement Administrator shall receive and process requests of Settlement Class Members to opt out of this Settlement or to object to it as specified in Section 6 below.

4.4    The Settlement Administrator shall be responsible for issuing the payments and calculating and withholding the employee's and employer's portions of all legally required state and federal taxes.  The Settlement Administrator shall be responsible for paying the full amount of the employee's portion of all withheld taxes to the appropriate taxing authorities for H-2A employees.    The parties acknowledge that present law does not require withholding of taxes for wages and earnings related to an H-2A visa-holder's work. At least thirty (30) calendar days before issuing the payments to Participating Settlement Class Members, the Settlement Administrator shall deliver to Defendants (with a copy to Plaintiffs' counsel) a written calculation of each Defendant's portion of all required employer portion of taxes, if any.   If Defendants concur with the written calculation, Defendants shall pay this amount into the Settlement Fund administered by the Settlement Administrator no later than the date that the Settlement Administrator issues payments to Participating Settlement Class Members.  If Defendants disagree with the written calculation, Defendants shall notify the Settlement Administrator and Plaintiffs' counsel promptly of the nature and amount of the disagreement and pay the undisputed portion to the Settlement Administrator no later than the date that the Settlement Administrator issues payments to Participating Settlement Class Members.  If the Settlement Administrator and the Defendants are unable to resolve their disagreement within five (5) business days, the Settlement Administrator shall inform Plaintiffs' and Defendants' counsel who shall immediately report the remaining disagreement to the Court, which shall determine the correct resolution

of the matter.  The Settlement Administrator shall be responsible for paying the employer's portion of all required employment taxes to the appropriate taxing authorities, but solely with monies paid directly from Defendants and not from the Fund.

     4.5   In calculating payments due to Class Members under this Agreement in accordance with Section 3.15 above, the Settlement Administrator shall use the Defendants' payroll records showing each Settlement Class Members' dates of employment, activity and number of workweeks during which any work was performed in a Packing Facility Position in Defendants' packing facility during the Class Period of April 11, 2013 to December 31, 2018, subject to the challenge procedure described in this Section.  The Settlement Administrator shall inform Settlement Class Members of the dates of their employment and the number of weeks worked in the Class Period in a Packing Facility Position.  If a Settlement Class Member disagrees with the listed employment dates and/or the number of weeks worked in a Packing Facility Position during the Class Period based on Defendants' payroll records or other information provided by Defendants, he/she must submit a written challenge to the amount of weeks worked in the packing facility or dates of employment to the Settlement Administrator.  Any such challenge must be submitted no later than sixty (60) calendar days after the Notice Packet mailing set forth in Section 6.1 ("Objection/Exclusion Deadline").  The Settlement Administrator shall, within five (5) calendar days after receipt of any such timely written challenge, but no later than five (5) calendar days after the Objection/Exclusion Deadline Date, determine whether the Settlement Class Member has shown that Defendants' information provided to the Settlement Administrator was incorrect.  Similarly, if a person who is not identified by Defendants' payroll records as Settlement Class Member asserts that s/he is a Settlement Class Member, s/he must submit a written challenge regarding

Settlement Class membership to the Settlement Administrator no later than the Objection/Exclusion Deadline.  The Settlement Administrator shall, within five (5) calendar days after receipt of any timely written challenge regarding Settlement Class membership, but no later than five (5) calendar days after the Objection/Exclusion Deadline, determine whether the person has shown evidence that the Defendants' information provided to the Settlement Administrator was incorrect.  The Settlement Administrator may consult with counsel for the Parties in reaching these determinations.  The Settlement Administrator will give written notice to the individual who submitted the challenge and counsel for the Parties of its determination.  The individual who submitted the challenge shall have five (5) calendar days, or until the Objection/Exclusion Deadline, whichever is later, to submit an objection to the Settlement and/or to "opt out" of the Settlement.  Either party may challenge any such determination by the Settlement Administrator to the Court if the Settlement Administrator exceeds its authority under the Agreement.

4.6    **Final Report by Settlement Administrator to Court.**  Within ten (10) business days after final disbursement of all funds from the Fund, including the *cy pres* payment, the Settlement Administrator will serve on the Parties a declaration constituting a final report on the disbursements of all monies from the Fund.

5.    **NOTICE TO SETTLEMENT CLASS MEMBERS**

5.1    **Settlement Class Member Contact.**  Within thirty (30) days following the Court's entry of an Order Granting Preliminary Approval of the Agreement, the Defendants shall provide the  Settlement Administrator a database or spreadsheet listing the name, and if known, the following information: the last known permanent address in Mexico, social security number, passport numbers, email addresses, WhatsApp account numbers, telephone number(s), and number of workweeks worked during the Class Period and the associated earnings descriptions for those workweeks for each Settlement Class Member (the "Class List).  The

Settlement Administrator and Plaintiffs will agree that the Class List is confidential and may be used solely for purposes of administration of this settlement.

5.2    **Notices of Proposed Class Action Settlement.**  Within fifteen (15) days after receiving the Class List from Defendants, the Settlement Administrator shall send the Notice of Proposed Class Action Settlement and Hearing ("Notice"), attached hereto as **Exhibit A,** to each Settlement Class Member in Spanish (with a web page link to the English and Spanish version).  In addition to the Notice, the Settlement Administrator will send each Settlement Class Member an "Estimated Individual Settlement Allocation Form",  in Spanish (with a web page link to the English and Spanish version), that describes the facts and methods used to calculate the Estimated  Individual Settlement Allocation in the form of **Exhibit B** attached hereto (collectively Exhibits A and B are referred to as the "Notice Packet").  The Settlement Administrator will send the Notice Packet using the information in the Class List.  The Notice Packet will provide the estimated individual settlement payment for each Settlement Class Member, describe the facts and methods used to calculate the Estimated Individual Settlement Payment and the challenge procedure, described in Section 6, by which a Settlement Class Member can dispute the information on which his/her payment amount is calculated.  In addition, the Settlement Administrator will create and host a web page where Settlement Class Members can obtain the Notice Packet or other information regarding the Settlement, and submit requests to the Settlement Administrator to update any of their information, including their preferred method of payment.  The web page address will be included in the Notice Packet.

6.    **OPT-OUT AND OBJECTION PROCEDURES**

6.1    **Opt-Out/Exclusion Procedure.** Any Settlement Class Member may request exclusion from the Settlement Class by "opting out."  Settlement Class Members who wish to be excluded must submit a written and signed request to the

Settlement Administrator for exclusion from the Settlement which must include his or her full name, last four digits of his or her social security number (if any), dates of employment with Defendants during the Class Period, mailing address, email address and/or phone number (if available). To be effective, Settlement Class Members' exclusion requests must be either postmarked (or, if delivered to the Settlement Administrator by means other than United States First Class Mail, received by the Settlement Administrator) by the Objection/Exclusion Deadline, which shall be sixty (60) days after the date of mailing of the Notice Packet.

6.2     **Withdrawal of Opt-Out/Exclusion Request.** Any Settlement Class Member who submits an exclusion request may withdraw that request by submitting, by the Objection/Exclusion Deadline, a signed request to withdraw his or her exclusion request, and the withdrawal request must include his or her full name, last four digits of his or her social security number, mailing address, email address, and phone number. The Settlement Administrator shall timely notify Plaintiffs' Counsel and Defendants' counsel of all exclusion requests timely submitted and not withdrawn.

6.3     **Notice to Parties.** The Settlement Administrator shall stamp on the original of any exclusion request the date the request was received, and, if received by United States First Class Mail, also record the postmark date of the request. The Settlement Administrator shall thereafter serve copies of the exclusion request(s), inclusive of the date stamps, on Plaintiffs' Counsel and Defendants' counsel not later than five (5) business days after receipt thereof. The Settlement Administrator shall, within five (5) days following the Objection/Exclusion Deadline, send via e-mail a final list of all exclusion requests that were not withdrawn to Plaintiffs' Counsel and Defendants' counsel. The Settlement Administrator shall retain copies of all exclusion requests that were not withdrawn and originals of all envelopes accompanying exclusion requests that were not withdrawn in its files until such time

as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement. Defendants may exercise a right to void this settlement in the event that more than 10% of the individual class plaintiffs (those individuals identified in the reports prepared pursuant to paragraph 5.1 of this Agreement) submit exclusion requests.

6.4    The release set forth in Section 8 below will bind all Settlement Class Members who do not file a timely exclusion request, or those who file but timely withdraw such a request. However, Settlement Class Members who file and do not withdraw an exclusion request will not be bound by this Agreement or the release of claims made in the Action.

6.5    **Objections.** Settlement Class Members who wish to present objections to the proposed Agreement at the Final Approval Hearing must first do so in writing. If a Settlement Class Member wishes to object to the approval of this Agreement by the Court, the objector must submit a written statement of the objection to the Settlement Administrator. To be considered, such statement must be timely filed with the Settlement Administrator by the Objection/Exclusion Deadline. The Settlement Administrator shall stamp the date received on the original and send copies to the Parties by e-mail or facsimile and overnight delivery not later than five (5) days after receipt thereof. The Settlement Administrator shall file the date-stamped originals of any objections with the Court. An objector also has the right to appear at the Final Approval Hearing, either in person or through counsel hired by the objector, at the objector's cost. An objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. An objector that does not submit an exclusion request is bound by the release set forth in this Agreement.

7.  **MOTION FOR PRELIMINARY CERTIFICATION OF CLASS, PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT, AND APPOINTMENT OF CLASS COUNSEL**

7.1    Within thirty (30) days of the date this Agreement is fully executed, the Parties shall jointly move the Court for preliminary certification of a settlement class, for preliminary approval of the class settlement, and for appointment of Plaintiffs' counsel as Class Counsel.

8.  **RELEASE**

8.1    All Plaintiffs, opt-in Plaintiffs, and all Settlement Class Members who do not exclude themselves from the settlement hereby waive, release and discharge Defendants, their former and present parent companies, subsidiaries, affiliates, officers, members, directors, shareholders, employees, managers, consultants, partners, attorneys, joint or co-venturers, independent contractors, heirs, agents, assigns, insurers, reinsurers of any of them, client-employers, joint employers, and other related persons and entities and their successors in interest (collectively, "Released Parties"), from all causes of action, claims, losses, damages, and wages t h a t w e r e asserted in the Action or which arise out of the factual allegations in the operative complaint including but not limited to: any of the claims, actions or causes of action which were alleged or stated, or the facts, matters, transactions or occurrences referred to in the operative complaint, including but not limited to, any claims for off-the-clock work, including transportation and waiting time, failure to pay minimum wages, failure to pay overtime wages, failure to pay all wages earned every pay period, untimely payment of wages, failure to pay all wages owed upon termination or resignation, failure to reimburse, transportation and/or subsistence expenses incurred for work purposes, unfair competition based on the aforementioned violations, but not as to such claims that may not be waived under applicable state and federal including but not limited to claims arising from an industrial injury.and

8.2    Release by Retaliation Plaintiffs and Plaintiffs Receiving Additional Compensation. All Plaintiffs, opt-in Plaintiffs, and all Settlement Class Members who receive an additional payment pursuant to paragraphs 3.7, 3.8 and/or 3.9, including but not limited to Jesus Bejines-Gonzalez, Abraham Sayago-Hernandez, Loida Osorio-Jimenez, Margarito Osorio-Jimenez and all Opt-in Plaintiffs who receive additional compensation, hereby waive, release and discharge Defendants, their former and present parent companies, subsidiaries, affiliates, officers, members, directors, shareholders, employees, managers, consultants, partners, attorneys, joint or co-venturers, independent contractors, heirs, agents, assigns, insurers, reinsurers of any of them, client-employers, joint employers, and other related persons and entities and their successors in interest (collectively, "Released Parties"), from all wage claims and employment claims, including retaliation claims through the date of this agreement, arising from their employment with Defendants, with the exception that bodily injury torts, worker's compensation, and industrial injury claims are not released.

9.    **APPROVAL HEARINGS**

9.1    **Preliminary Approval Hearing.** At the Preliminary Approval Hearing, Plaintiffs and Defendants shall jointly request that the Court issue a Preliminary Approval Order, the proposed form of which shall be submitted before the Preliminary Approval Hearing, provisionally certifying the proposed class for purposes of settlement only, appointing Plaintiffs' counsel as class counsel, appointing the Plaintiffs as the class representatives, and preliminarily approving the Settlement as being fair, reasonable and adequate to the Settlement Class Members.

9.2    **Preliminary Approval Order.** If the Court preliminarily approves the Agreement, without modification, the Court shall issue a Preliminary Approval Order so stating.

9.3    **Denial in Whole or in Part.** If the Court disapproves of all or any provision of the Agreement, the Parties shall not be bound by the Agreement in any way unless the Plaintiffs and Defendants mutually agree to reaffirm the Agreement as modified.  In the event that the Plaintiffs and Defendant do not reaffirm the Agreement as modified, the Agreement and the underlying negotiations shall not be admissible for any purpose in any proceeding.  The Plaintiffs and Defendants shall be free to renegotiate any other settlement agreement or proceed with the litigation.

9.4    **Final Approval Hearing.** The Parties request that the Court conduct a Hearing for Final Approval of the Agreement no later than one hundred forty (140) calendar days after the date of Preliminary Approval, or as soon thereafter as there is availability on the Court's calendar, provided that the hearing date shall be at least ten (10) days after the Objection/Exclusion Deadline.

9.5    **Motion for Final Approval**.  Not later than 20 calendar days before the date of the Final Approval Hearing, the Parties will submit a Joint Motion for Final Approval.

9.6    At the Final Approval Hearing, Plaintiffs shall move the Court for entry of an Order Granting Final Approval of the Agreement, the proposed form of which shall be submitted before the Final Approval Hearing, certifying the Settlement Class, approving the Agreement as fair, reasonable and adequate, and approving requests for the following: (i) payments to the Settlement Administrator; (ii) attorneys' fees and costs; (iii) the compensation to the Plaintiffs and Opt-in Plaintiffs; and (iv) distribution of the funds to the class members and Retaliation Plaintiffs per the terms of the Agreement.

9.7    **Final Approval Order.** If the Court approves the Agreement at the final approval hearing, the Court shall issue a Final Approval Order so stating.

9.8    The Parties request that the Final Approval Order Granting Final Approval of the Agreement will constitute a binding and final resolution of the

claims released by any Participating Settlement Class Members, as defined by the Release in paragraph 8.1, herein.

10.    **REPRESENTATIONS AND WARRANTIES**

Each of the Parties to the Agreement represents and warrants, and agrees with each other Party hereto, as follows:

10.1    All Parties have received independent legal advice from their attorneys with respect to the advisability of entering into the Agreement and with respect to the advisability of executing this Agreement.

10.2    Each of the Parties, through his/her/its respective counsel, has made such investigation of the facts pertaining to this Settlement and the Agreement and all of the matters pertaining to them as they deem necessary.

10.3    The Parties and their respective attorneys shall proceed diligently to prepare and execute all documents necessary to seek the approval of the Court and to do all things reasonably necessary to consummate the Agreement according to its timing provisions.  Class Counsel shall have responsibility for preparing the motions and documents necessary to obtain Court approval of this Agreement and shall consult with Defendants' counsel on the contents of such motions.

10.4    Throughout the pendency of this settlement process, the Parties will take all steps necessary to stay, postpone and/or take off calendar all court appearances, filing deadlines, discovery deadlines and/or other case activity up and until the submission of this Agreement, or as soon thereafter as possible.

11.    **DISPUTE RESOLUTION**

11.1    The Parties shall cooperate in good faith to complete the terms of this Agreement.  Any disputes that arise during the process of finalizing the Agreement documents shall be presented to the District Court for the Middle District of Georgia, Valdosta Division.

12.    **ADDITIONAL PROVISIONS**

12.1   **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

12.2   **Defendants Denials of Wrongdoing**.  Defendants have denied and continue to deny each of the claims and contentions alleged in this action. Defendants have asserted and continue to assert defenses thereto, and deny any wrongdoing or legal liability arising from any of the facts or conduct alleged in the Action.  Neither this agreement, nor any action taken to carry out this Agreement, including subsequent filings, may be construed or used as an admission or concession of fault or wrongdoing against Defendants.

12.3   In the event that this Agreement is void, voided, or not approved, Defendants reserve the right to object to certification of a class or collective action in this matter, and Plaintiffs agree that nothing in this Agreement shall be used as an admission against Defendants for purposes of seeking conditional or class certification, whether in this or any subsequent actions or lawsuits.  In the event that settlement is not finally approved  for any reason, and the parties are otherwise unable to resolve this matter, certification of this matter shall be deemed dissolved without prejudice or inference regarding the appropriateness of class certification, and thereafter the issue of class certification will be decided *de novo*, and Defendants will be permitted to challenge class certification.

12.4   This Agreement shall become effective upon its execution by all Parties.

12.5   The terms of this Agreement may not be changed or terminated orally. It may only be modified or amended in a writing signed by the Parties and, once the Agreement has been filed with the Court, such change must also be approved by the Court.

12.6   The Parties shall cooperate fully with each other and shall use their reasonable good faith efforts to obtain the Court's approval of this Agreement and all of its terms.   Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement. Defendants also expressly agree to undertake all necessary steps to obtain approval for job orders sufficient to allow for the job offers made to the Retaliation Plaintiffs.

12.7   All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing, and shall be delivered by email and by hand delivery, overnight courier, or, unless specified otherwise in a provision of the Agreement, mailed, postage prepaid, by first class or express mail.   All such notices, requests, demands, and other communications are to be sent to the undersigned persons at their respective addresses as set forth herein:

> Counsel for Plaintiffs:
>
> Dawson Morton
> 1003 Freedom Boulevard
> Watsonville, CA 95076
> Email: dawson@lawofficesofsantosgomez.com
>
> Patricia Kakalec
> Kakalec Law, PLLC
> 195 Montague Street, 14th Floor
> Brooklyn, NY 11201
> Email: Patricia@KakalecLaw.com
>
> Counsel for Defendants:
>
> Terri Stewart
> Martin Heller
> Fisher & Phillips

Email: tstewart@fisherphillips.com
mheller@fisherphillips.com

The persons and addresses to which such communications shall be made may be changed from time to time by a written notice mailed as stated above.

THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated: _____, 2020

_____
JESUS            BEJINES-
GONZALEZ
Plaintiff

Dated: _____, 2020

_____
ABRAHAM        SAYAGO-
HERNANDEZ
Plaintiff

Dated: _____, 2020

_____
LOIDA OSORIO-JIMENEZ
Plaintiff

Dated: Dec 14, 2020 _____, 2020

_____
Margarito Osorio Jiménez (Dec 14, 2020 20:34 EST)
MARGARITO        OSORIO-
JIMENEZ
Plaintiff

Dated: _____, 2020

KENT HAMILTON
Defendant

Dated: _____, 2020

Representative for Defendant
Hamilton Growers, Inc.

Dated: _____, 2020

Representative for Defendant
Southern Valley Fruit &
Vegetable, Inc.

Dated: _____, 2020

_____, Member
Hamilton Farms Mex, LP,
Kenda Properties, LP., WK
Holdings, LLC, WK Mex
Properties, LP

**Approved as to Form**:

Dated ___January 22, 2021___, 2020

s/ D. Morton

Dawson Morton
Attorney for Plaintiffs

Dated _____1/22/21_____, 2020

Patricia Kakalec
Kakalec Law, LLC
Attorney for Plaintiffs

Dated: ____12/17____, 2020

Terri Stewart
Martin Heller
Attorneys for Defendants